# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| JOHNNIE L. BRYANT, III, | ) | |
| | ) | |
| Plaintiff, | ) | No. 9:17-cv-0414-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| TOWN OF BLUFFTON, | ) | |
| JOHN DESTASIO, and | ) | |
| CHRISTIAN GONZALES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on United States Magistrate Judge Bristow Marchant's report and recommendation ("R&R") that the court grant the defendants' motion for summary judgment and the case be dismissed, ECF No. 45. For the reasons set forth below, the court adopts the R&R, grants the motion for summary judgment and dismisses the case with prejudice.

## I. BACKGROUND

The R&R ably recites the facts, and its statement of the facts is uncontested. See ECF No. 50 at 2 ("The facts are described in full by the Magistrate and Plaintiff agrees they are substantially set out in the light most favorable to him . . ."). Therefore, the court will only briefly summarize the facts as they appear in the R&R for the purpose of aiding an understanding of its legal analysis.

Plaintiff Johnnie Bryant's ("Bryant") claims arise out of his arrest by defendants John Destasio ("Destasio") and Christian Gonzales ("Gonzales") and subsequent prosecution. On the night of January 5, 2014, Bryant approached his neighbors' home about an unidentified car that was parked near his apartment. Bryant, a reserve deputy

1

with the Hampton County Sheriff's Office, brought his weapon with him.  Bryant's neighbor, Tracey Asbill, answered the door with his pit bull in tow.  It did not take long for the interaction to become tense and the pit bull aggressive.  Fearful of the dog, Bryant removed his weapon from the back of his pants.  Around this time, Laura Quigley, the other resident of the home, involved herself in the interaction, screaming and cursing at Bryant.  Here, the recollections of the parties and witnesses involved diverge.  Asbill and Quigley contend that Bryant pointed his gun at them.  Bryant claims that at all times he kept his gun pointed to the ground or at the pit bull.

Destasio arrived while the scene was deescalating and gathered statements from the parties and witnesses.  Gonzales arrived shortly after.  Destasio and Gonzales radioed the station and explained the circumstances to their superior, who informed the officers that there was probable cause to arrest Bryant under South Carolina's "point and present" law, S.C. Code Ann. § 16-23-410, et seq.  Destasio and Gonzales arrested Bryant, who was released after posting bond the following day.  On February 20, 2014, a grand jury issued an indictment for the charge against Bryant.  However, Bryant's charge was later dropped.

Bryant initiated this action in the South Carolina Court of Common Pleas, Beaufort County, alleging a state law claim for malicious prosecution against the Town of Bluffton ("Bluffton") and federal claims pursuant to 28 U.S.C. § 1983 against Destasio and Gonzales, for unlawful seizure and "wrongful prosecution."  On the basis of Bryant's federal claims, the defendants removed the case to the United States District Court.  Subsequently, the defendants moved for summary judgment pursuant to Fed. R. Civ. P. 56, ECF No. 36.  Bryant responded to the defendants' motion, ECF No. 39, to which the

defendants replied, ECF No. 44.  On June 14, 2019, the Magistrate Judge issued its R&R, recommending that the defendants' motion for summary judgment be granted and the case be dismissed, ECF No. 45.  On July 8, 2019, Bryant made objections to the R&R, ECF No. 50.

## II.  STANDARD

### A.  R&R

The magistrate judge makes only a recommendation to the court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The recommendation carries no presumptive weight, and the responsibility to make a final determination remains with the court.  Id. at 270-71.  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).  The court is charged with making a de novo determination of any portion of the R&R to which a specific objection is made.  Id.  However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the magistrate judge's proposed findings.  Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a specific objection, the court reviews the R&R only for clear error.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948).

### B. Motion for Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. The court should view the evidence in the light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

"The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact." Major v. Greenville Hous. Auth., 2012 WL 3000680, at *1 (D.S.C. Apr. 11, 2012). Nevertheless, "when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. (quoting Fed. R. Civ. P. 56(e)). The plain language of Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for

discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[C]onclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion." Major, 2012 WL 2000680, at *1.

### III. DISCUSSION

To survive summary judgment, each of Bryant's claims against the defendants require him to establish a genuine issue of material fact as to whether his arrest and subsequent prosecution lacked probable cause. Bryant objected generally to the R&R's finding that there was no genuine dispute as to the existence of probable cause that supported his arrest and prosecution. More concretely, Bryant specifically objected to "[a]ny and all inferences [that Bryant] was in any way subject to arrest." ECF No. 50 at 3. Because the court finds that there is no genuine issue of material fact as to the existence of probable cause, summary judgment is appropriate.

**A. Section 1983 Claims**

Bryant alleged claims against Destasio and Bryant under § 1983 for unlawful seizure and "wrongful prosecution." Bryant's "wrongful prosecution" claim is better characterized as one for malicious prosecution. A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

5

alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

### a. Probable Cause

Bryant objects to the R&R's finding that he was "in any way subject to arrest." ECF No. 50 at 3. In other words, Bryant objects to the R&R's finding that probable cause existed for his arrest as a matter of law. In his unlawful seizure claim, Bryant alleges that his rights under the Fourth Amendment were violated when he was arrested by Destasio and Gonzales. The Fourth Amendment protects "[t]he right of the people to be secure in their persons...against unreasonable searches and seizures." U.S. Const. amend. IV. An arrest is a seizure within the Fourth Amendment's protections. Robinson v. Brown, 2016 WL 4975021 at *3 (D.S.C. Sept. 19, 2016) (citing Brendlin v. California, 551 U.S. 249, 254 (2007)). Generally, a seizure is reasonable "only if based on probable cause." Rogers v. Pendleton, 249 F.3d 279, 290 (4th Cir. 2001) (quoting Dunaway v. New York, 442 U.S. 200, 213 (1979)).

Similarly, a § 1983 claim for malicious prosecution is "simply a claim founded on a Fourth Amendment seizure that incorporate[s] elements of the analogous common law tort of malicious prosecution." Lambert v. Williams, 223 F.3d 257, 261 (4th Cir. 2000). A malicious prosecution claim is nevertheless distinct from an unlawful seizure claim. An unlawful seizure occurs when an arrestee is held in the absence of legal process; a malicious prosecution claim occurs when that arrestee is held pursuant to the legal process. Wallace v. Kato, 549 U.S. 384, 388–89. A § 1983 claim for malicious prosecution requires a plaintiff to show that (1) the defendants caused a seizure of the plaintiff's person that was unsupported by probable cause, (2) the seizure was pursuant to

legal process, and (3) the resulting criminal proceedings terminated in Plaintiff's favor. Mead v. Shaw, 716 F.Appx. 175, 178 (4th Cir. 2018) (citing Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012)). Thus, both of Bryant's federal claims require a showing of the absence of probable cause.

Probable cause exists where "the facts and circumstances within an officer's knowledge—or of which he possesses reasonably trustworthy information—are sufficient in themselves to convince a person of reasonable caution that an offense has been or is being committed." Wadkins v. Arnold, 214 F.3d 535, 539 (4th Cir. 2000). "To determine whether probable cause existed, courts look to the totality of the circumstances known to the officers at the time of the arrest." United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995) (citing Illinois v. Gates, 462 U.S. 213, 230–31 (1983)). "The determination and existence of probable cause is a practical, nontechnical conception, and it involves factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Stavis v. Reynolds, 2010 WL 1294113, at *3 (D.S.C. Mar. 5, 2010), aff'd, 2010 WL 1257344 (D.S.C. Mar. 29, 2010) (quoting Brinegar v. United States, 338 U.S. 160, 175–176 (1949)) (internal quotation marks omitted).

To survive summary judgment in an action under § 1983 for vindication of a plaintiff's Fourth Amendment rights, the plaintiff must present evidence that creates a material issue of genuine fact as to whether his arrest was made without probable cause. Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 183 (4th Cir. 1989). To do so, he must allege "a set of facts which made it unjustifiable for a reasonable officer to conclude that [the plaintiff] was violating [the relevant law]." Brown v. Gilmore, 278 F.3d 362,

368 (4th Cir. 2002). The Magistrate Judge correctly concluded that Bryant has not made such a showing.

On this narrow issue of the existence of probable cause, the inquiry before the court is whether a reasonable jury could conclude that, based on the facts and circumstances known to Destasio and Gonzales, the officers' finding of probable cause was unjustifiable. Like the Magistrate Judge, this court holds that no reasonable jury could so find. To be clear, this narrow inquiry does not require the court to determine whether Bryant in fact pointed his gun at his neighbors or whether Bryant actually violated the law. Instead, the court considers only the evidence that was available to the arresting officers and whether their finding of probable cause was unjustifiable. Because the court finds that it was not unjustifiable, no genuine issue of material fact exists as to the existence of probable cause, a necessary element to each of Bryant's claims. As such, summary judgment is appropriate.

The record is replete with evidence that justifies the officers' finding of probable cause. Destasio and Gonzales arrested Bryant "for pointing and presenting a firearm," a violation of S.C. Code Ann. § 16-23-410, et seq. Given the set of facts presented in the R&R, to which Bryant did not object, Destasio and Gonzales's conclusion the Bryant had violated that law was not unjustified.

Destasio arrived on the scene with the knowledge that a citizen made a 911 call. Upon his arrival, Destasio conducted several interviews and gathered statements. In one statement gathered by Destasio, Asbill reported that Bryant "immediately pull[ed] a pistol, load[ed] it and threaten[ed] me . . . with the weapon pointed in my direction . . ." ECF No. 36-4 at 17. In another, Quigley claimed that "[Bryant] . . . was . . . pointing the

gun at me . . . and my dog . . ." ECF No. 36-4 at 19. In another statement given to Destasio, a neighbor claimed that he saw Bryant "intimidating [Asbill] and his wife…telling them he has a gun." ECF No. 36-4 at 2. Given these circumstances and the information available to them, officers Destasio and Gonzales made an objectively reasonable assessment that Bryant had violated South Carolina law. No reasonable jury could find that the officers' conclusion was unjustified.

Of course, as is the case in most investigations, Destasio received some statements that did not indicate Bryant had committed a crime. These inconsistencies do not prove Destasio or Gonzales's unreasonableness. On the contrary, Desasio and Gonzales investigated a crime, analyzed the evidence available to them, and came to the reasonable conclusion that Bryant violated S.C. Code Ann. § 16-23-410, et seq. The legal construction of probable cause affords officers some leeway to make close determinations based on the facts. See Brinegar, 338 U.S. at 176 ("Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability."). Bryant has failed to present evidence that shows Destasio and Gonzales acted unreasonably.

In Bryant's objections, he argues that, in making its finding, the Magistrate Judge failed to make all reasonable inferences in his favor, as the standard for summary judgment demands. Specifically, Bryant argues that because he was allegedly calm throughout the event, a claim on which the record is conflicted, he is entitled to an inference that he was not "subject to arrest." ECF No. 50 at 3. In other words, Bryant

argues that the Magistrate Judge was required to find that a genuine issue of material fact existed as to probable cause based on the evidence that Bryant acted calmly. In so doing, Bryan objects to one of the Magistrate Judge's conclusion of law, not to an inference of fact. A finding of probable cause as a matter of law based on the facts and circumstances within the knowledge of the arresting officers is a legal conclusion. Legal conclusions are within the sole purview of the court and are to be made without deference to any party. Drawing the factual inferences most favorably to Bryant, the legal conclusion to be made from the facts and circumstances available to the arresting officers is that Destasio and Gonzales were justified in their determination of probable cause. Summary judgment is appropriate because Bryant did not present evidence from which a reasonable jury could find to the contrary.

### b. Grand Jury Indictment

Bryant also objects to the R&R's finding that Bryant's indictment by a grand jury on the charge for which he was arrested establishes probable cause for his arrest and subsequent prosecution thus defeating his claims of unlawful seizure and malicious prosecution. ECF No. 50 at 15. Bryant contends that a grand jury's indictment should not have such an effect because the indictment only establishes a prima facie case that probable cause existed. Because the law is well-settled and Bryant has failed to present evidence that negates the indictment's effect, the Magistrate Judge's finding is correct.

Bryant states simply in his objections that "a grand jury indictment is not reliable proof of probable cause." ECF No. 50 at 8. The Supreme Court has explained why that contention is incorrect: "the willingness to let a grand jury's judgment substitute for that of a neutral and detached magistrate is attributable to the grand jury's relationship to the

10

courts and its historical role of protecting individuals from unjust prosecution. Gerstein v. Pugh, 420 U.S. 103, 118 (1975) (citing United States v. Calandra, 414 U.S. 338, 342–346 (1974)).  Courts have historically found grand jury indictments to be reliable proof of probable cause due to the grand jury's role as an independent intermediary.

"It has long since been settled by the Supreme Court that an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." Durham v. Horner, 690 F.3d 183, 189 (4th Cir. 2012) (quoting Gerstein v. Pugh, 420 U.S. 103, 103 n. 19 (1975)) (internal quotation marks omitted); see also McCall v. Bodiford, 2016 WL 4498462, at *8 (D.S.C. Dec. 29, 2016) ("A grand jury indictment is sufficient evidence of probable cause, which defeats Plaintiff's claims for false arrest and false imprisonment based on lack of probable cause.") (citing Ex parte United States, 287 U.S. 241, 250 (1932)).

Bryant relies on a D.C. Circuit case, Moore v. Hartman, which adopts an exception to the general rule, recognized in a number of circuits, that an indictment by grand jury creates a rebuttable presumption of probable cause, rather than a conclusive one. Moore v. Hartman, 571 F.3d 62, 67 (D.C. Cir. 2009).  This exception, though, does little to aid Bryant because it only applies to negate the effect of the indictment where the plaintiff has presented evidence that "the indictment was produced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." Id. at 67.  Bryant has made no such showing.

The Fourth Circuit has not adopted the above exception outright but recognizes a similar exception: "[n]otwithstanding the conclusive effect of the indictments, our precedents instruct that a grand jury's decision to indict . . . will not shield a police officer

who deliberately supplied misleading information that influenced the decision." Durham, 690 F.3d at 189 (quoting Goodwin v. Metts, 885 F.2d 157, 162 (4th Cir. 1989)). "To succeed in showing . . . that . . . there is no presumption of probable cause for his arrest, Plaintiff must show that Defendant either deliberately or with a reckless disregard for the truth made material false statements to the grand jury." Lancaster v. Woodward, 2018 WL 1064253, at *5 (D.S.C. Feb. 26, 2018) (citing Miller v. Prince George's Cnty., Maryland, 475 F.3d 621, 627 (4th Cir. 2007)).

Bryant has not presented any evidence that the indictment was not fair on its face or that the grand jury process was improperly influenced by the arresting officers. In fact, Bryant is adamant in his briefs about Destasio's non-participation in the grand jury process. See ECF No. 50 at 6 ("Destasio…did not testify in front of the grand jury. He did not know who did testify in front of the grand jury, or what information was presented to the grand jury."). In Durham, under similar circumstances, the Fourth Circuit cited the arresting officer's non-participation in the grand jury process as evidence that the resulting indictment was not tainted and should serve as conclusive proof of probable cause. 690 F.3d at 189 ("The primary problem that [the plaintiff] faces in this proceeding is that he was indicted by a…grand jury before which [the arresting officer] did not even testify.").

Thus, whether the grand jury's indictment of Bryant operates as a conclusive presumption or a rebuttable one, it sufficiently establishes probable cause in this case for Bryant's § 1983 claims. It retroactively establishes probable cause for Bryant's arrest, and, at the time it was issued, established probable cause for Bryant's prosecution. Bryant has produced no evidence that the grand jury was improperly influenced or that its

12

indictment was the result of any wrongdoing. Bryant's objection to the R&R's finding is therefore without merit.

### B. State Malicious Prosecution Claim

In addition to his federal claims, Bryant brought a state claim for malicious prosecution against Bluffton, under the South Carolina Tort Claims Act, S.C. Code Ann. §15-78-10, et seq. "To maintain an action for malicious prosecution, plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal; (2) by, or at the instance of, the defendant; (3) termination of such proceeding in plaintiff's favor; (4) malice in instituting such proceedings; (5) want of probable cause, and (6) resulting injury or damage. Parrott v. Plowden Motor Co., 143 S.E.2d 607, 608 (S.C. 1965). Discussed at length above, Bryant has not established that his prosecution lacked probable cause. Thus, Bryant's state claim similarly fails, and Bluffton is entitled to summary judgment.

In sum, Bryant has failed to present facts from which a reasonable jury could find that the officers arrested him without probable cause. Moreover, his subsequent indictment by an independent grand jury establishes probable cause for each of Bryant's causes of action as a matter of law. Therefore, the court adopts the R&R and finds that Destasio and Gonzales are entitled to summary judgment on Bryant's claims of unlawful seizure and "wrongful prosecution," and Bluffton is entitled to summary judgment on Bryant's claim of malicious prosecution.

## IV. CONCLUSION

For the foregoing reasons the court **ADOPTS** the Magistrate Judge's R&R, **GRANTS** the defendants' motion for summary judgment, and **DISMISSES** this case with prejudice.

**AND IT IS SO ORDERED.**

                              **DAVID C. NORTON**
                              **UNITED STATES DISTRICT JUDGE**

**September 17, 2019**
**Charleston, South Carolina**